United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sebastian De Santa Ana, on his own behalf and others similarly situated, Plaintiff<br><br>v.<br><br>C & J Sons, LLC, *et al.* Defendants | )<br>)<br>)<br>)  Civil Action No. 13-62672-Civ-Scola<br>)<br>)<br>)<br>) |

## Order Granting Motion To Vacate Clerk's Default

This cause is before the Court on Defendants' Opposed Motion to Vacate Clerk's Default. (ECF No. 20.) After considering the Defendants' Motion and the record, the Court **grants** Defendants' Motion.

On February 10, 2014, Plaintiff served Defendants C & J Sons, LLC, Jose Varela, and Clara Villamarin ("Defendants") with the Complaint. (ECF No. 7.) On April 22, 2014, after Defendants failed to answer the Complaint, Plaintiff obtained a Clerk's Default as to Defendants C & J Sons, LLC, Jose Varela, and Clara Villamarin. (ECF No. 16.) Defendants now move to vacate the clerk's default.[1]

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.,* 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (J. Moore). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion,* 88 F. 3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id.*

Defendants have demonstrated that their failure to respond to the complaint was not culpable or willful. More specifically, Defendant Jose Varela, who manages C & J Sons, LLC, is a citizen of Spain and Venezuela and was confused about the content and the authenticity of the documents served on him. More specifically, in his affidavit, Varela explains that he thought the papers served on him were "fake or not official" because they were served by a plain-

---

[1] Defendant Villamarin also moved to quash service. However, the Court will not address this argument, as Villamarin has since stated that she no longer contests service of process. (ECF No. 26 at 3.)

clothed individual; as soon as he realized that he had been served, he promptly retained counsel. (ECF No. 20-1, ¶¶ 7-8.) Varela also explains that he thought the deadline had already expired to answer because the papers served were dated November 8, 2013, and he did not receive them until February 10, 2014. (*Id.*) Additionally, because the restaurant was closed down, Varela and Villamarin did not think that they needed to respond to the Complaint. Plaintiff argues that Defendants have exhibited a "reckless disregard for the judicial process." (ECF No. 24 at 2.) The Court disagrees.

Furthermore, setting aside the default would not prejudice Plaintiff, as he will still be able to pursue his claim. Plaintiff argues that setting aside the default would prejudice him because he has "incurred attorneys' fees and costs due to numerous hours spent on motion practice." (ECF No. 24 at 1.) The record does not support Plaintiff's claim that "numerous hours" were spent litigating this case. Furthermore, increased litigation expenses do not qualify as actual prejudice that would justify the denial of relief under Federal Rule of Civil Procedure 55(c). *See Gagnon v. Fortner*, No. 12–60478–CV, 2012 WL 3613879, at *8 (S.D. Fla. Aug. 21, 2012) (J. Marra) (finding that increased expense of litigation is not "actual prejudice") (citing *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006))

Lastly, Defendants have presented several meritorious defenses in their proposed Answer & Affirmative Defenses. (ECF No. 20-3.) Defendants' defenses include that Plaintiff's claim is barred by the statute of limitations and that Plaintiff's claims are barred because he worked overtime without Defendants' actual or constructive knowledge. The defenses raised provide a "hint of a suggestion" that their case has merit *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 314748 at *3 (S.D. Fla. June 19, 2013) (J. Cooke).

Accordingly, Defendants' Motion to Vacate Clerk's Default (ECF No. 20) is **granted**. Plaintiff's Motion for Attorney's Fees (ECF No. 23) and Motion for Default Judgment (ECF No. 22) are **denied as moot**. Defendants must file their response to the complaint by **June 9, 2014**. Furthermore, the parties are ordered to submit their joint discovery plan and conference report by **June 13, 2014** in accordance with the Court's December 10, 2014 Order (ECF No. 4).

**Done and Ordered** in chambers, at Miami, Florida, on June 3, 2014.

Robert N. Scola, Jr.
United States District Judge